WERDEGAR, J., Concurring and Dissenting.
I agree with the majority that the jury’s true finding on the kidnapping special circumstance must be set aside and the judgment of death reversed. I disagree that the evidence supporting the special circumstance was sufficient to permit a retrial of the allegation that defendant committed the murder while engaged in the commission of a kidnapping.
As the majority acknowledges and the concurring opinion underscores, the evidence that defendant had a purpose for the kidnapping independent of his intent to murder the victim, as required by law at the time of his offense (People v. Navarette (2003) 30 Cal.4th 458, 505 [133 Cal.Rptr.2d 89, 66 P.3d 1182]; People v. Green (1980) 27 Cal.3d 1, 61-62 [164 Cal.Rptr. 1, 609 P.2d 468]), was “weak” and “far from overwhelming.” (Maj. opn., ante, at pp. 614, 611; cone. opn. of Liu, J., ante, at p. 619.) I would add that it was, as well, entirely speculative.
Defendant’s intent to kill Kelly Gordon was clear from the beginning. He expressed his intent to Michelle Savidan in the parking lot, stating Gordon “is a snitch. I want to put her out.” When he got into the Cadillac with Gordon and the other women, he put a plastic bag over Gordon’s head and tightened it. When Gordon was able to tear the bag off, defendant put his arm around her neck, choking her. He then told the driver of the Cadillac to open the trunk, whereupon he pulled Gordon out of the car, forced her into the trunk, hit her and choked her, and shut the lid. When the other women protested, defendant replied that Gordon was “going to tell” on them and they “got to take her out.” Defendant took the keys to the Cadillac and drove away with Gordon in the trunk. The car was later found 16 miles away, burning, with Gordon’s burned body in the trunk.
The majority finds the foregoing evidence, although weak, “minimally sufficient” (maj. opn., ante, at p. 614) to permit a jury to find beyond a reasonable doubt that defendant had a purpose independent of Gordon’s murder for transporting her away from the motel parking lot. In support, the majority speculates that because defendant could have killed Gordon right there, in the parking lot, and could have obtained gasoline from a supposed nearby gas station if he wished to bum the car, a jury could infer he kidnapped the victim because he was not sure what he wanted to do with her and wanted to think about it, “and going for a drive was his way of thinking about it.” (Id. at p. 610.) Or he may have wanted first to drive her around in a *621 locked trunk, so as to terrify her before she actually died. (Ibid.) Or “[h]e may have kidnapped Gordon with the purpose of obtaining the gasoline and then later decided to use the gasoline to kill Gordon.” (Ibid., italics added.)
I disagree. No evidence of any of the foregoing speculative purposes for the kidnapping was presented to the jury. Nor did the prosecutor argue any such independent purposes. In my view, the evidence, as opposed to speculation and conjecture, admits only the conclusion that defendant transported the victim to another location simply to kill her, viz., the kidnapping was in furtherance of the killing. To uphold the sufficiency of the evidence to support the special circumstance finding in this case is to stretch the principle of deferential review of a jury verdict to the point of meaninglessness.
Consequently, insofar as the majority finds the evidence sufficient to support the special circumstance, I dissent.